UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X

SHAMAR JEFFERSON, On Behalf of All Others
Similarly Situated

                       Proposed Plaintiffs.

           -against-

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
JOSEPH FRANCO, (FRANCO), in his official
capacity as then NEW YORK CITY POLICE OFFICER

            Defendants.

- ---------------------------------- X

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF 42 U.S.C. §1983,
MALICIOUS PROSECUTION,
FABRICATED EVIDENCE and
DENIAL OF DUE PROCESS**

**TRIAL BY JURY DEMANDED**

CIVIL NO.

Plaintiff, **SHAMAR JEFFERSON**, on behalf of all others similarly situated, by and through her attorney **RUDY VELEZ**, Esq., respectfully shows to this court and alleges, as follows:

1. Plaintiff, **SHAMAR JEFFERSON**, brings this class action on behalf of all other similarly situated, seeking compensatory damages against defendant's named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel, and upon information and belief.

2. Pursuant to Rule 23 of the Federal Rules of Civil procedure **SHAMAR JEFFERSON**, through his undesigned counsel, respectfully moves for class certification on facts set forth in the following complaint and attached Exhibits.

### OVERVIEW

3. Plaintiff is a Brooklyn resident who brings this civil rights class action on behalf of all those similarly situated, against the City of New York (CITY) for its deliberate indifference to individual police officers of the New York City Police Department engaging in a pattern and practice of illegal and unconstitutional conduct, including malicious prosecutions, fabricating evidence, denial of due process of law, perjury in circumventing Fourth Amendment restrictions, arrests without probable cause and unconstitutional searches and seizures.

4. Specifically, defendant CITY knew or should have known that defendant, former police officer Joseph Franco (FRANCO), a 19-year veteran in the narcotics division in the Bronx, Queens and Manhattan, with thousands of arrests to his credit, through his key participation, sent numerous people to prison.

5. The convictions against those people, similarly situated, that FRANCO said either possessed or sold drugs were thrown out. FRANCO's pattern and practice of violating people's civil right was repeated some 334 times; those identified as similarly situated plaintiffs in this action comprised only 10% of the targeted class. In each of these cases, FRANCO compounded his misconduct by repeating his lies over and over again.

6. In a statement by the Manhattan District Attorney's Office, the District Attorney vowed to continue to bring the full weight of the law against uniformed police officers who lie and undermine the public trust in law enforcement which we rely on to keep New York safe.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

8. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

10. Plaintiff and all those similarly situated demand trial by jury in this action.

## PARTIES

11. Plaintiff **SHAMAR JEFFERSON (JEFFERSON)** is an American Citizen residing in Brooklyn, County, New York. On behalf of all others similarly situated, plaintiff brings

this action against defendants seeking money damages and further relief that may be just and proper.

**12**.Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

**13**.At all times relevant herein, defendant POLICE OFFICER JOSEPH FRANCO (FRANCO) was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

**14.** FRANCO was fired from NYPD after a departmental trial.  In 2019 FRANCO was arrested and charged with fabricating the facts of three separate narcotics transactions that never happened. after his allegations were ultimately contradicted by surveillance video and  statements from others involved in the the arrests.  On April 24, 2019,  FRANCO was indicted on four counts of perjury, nine counts of filing false paperwork,  and three counts of official misconduct.  Three months later a New York County grand jury added ten additional counts of perjury and related charges based on FRANCO'S conduct in two other cases.  At all times relevant herein, defendant FRANCO was acting as agent, servant and employee of defendant City of New York.

**15.** At all times relevant herein, defendant FRANCO was acting under color of state law.

## FACTUAL ALLEGATIONS REPRESENTATIVE OF THE PROPOSED CLASS

**16.** On May 23,2014, at approximately 06:00 P.M., plaintiff was in the vicinity of 1080 Anderson Avenue, Bronx, N.Y. with a few friends. FRANCO claimed he observed **JEFFERSON** acting in concert with another person in that FRANCO claimed he observed one Diana Ramirez approach one Daryl Mackey and engage in a drug related conversation with Mackey. FRANCO also claimed he observed **JEFFERSON** standing next to Mackey when Ramirez spoke to Mackey. FRANCO claimed he observed Ramirez hand Mackey money; in exchange FRANCO claimed he observed Mackey give Ramirez a small object. The back-up police arrived and searched **JEFFERSON** and allegedly recovered crack from **JEFFERSON'S** waistband. **JEFFERSON** was arrested and taken to Bronx Central Booking. These charges were entirely fabricated against **JEFFERSON**. Plaintiff did not act in concert with anyone to sell narcotics.

**17.** In his sworn Criminal Court Complaint police officer Michael Mccarthy claimed he was informed of the above stated information by FRANCO, who was working as an undercover police officer.

**18.** This sworn statement was entirely fabricated because FRANCO informed the deponent, Michael McCarthy with false information regarding **JEFFERSON**. Plaintiff did not engage in any transaction with anyone involving the sale of drugs.

**19.** Plaintiff's conviction for the sale of a controlled substance in the fifth degree was vacated, and his indictment dismissed with the consent of the Bronx County District Attorney's Office on September 24, 2021, **SEE EXHIBIT A**: ORDER by Judge Alvarado, Bronx Supreme Court, Criminal Term-Part 17 which ordered, adjudged and decreed that **JEFFERSON'S** conviction for violation of penal law sec. 220.39 (1) and related counts under indictment 1219-2015 is vacated because the judgment was obtained

in violation of a right of the plaintiff (14 Amendment) under the constitution of this state

and the United States ,and the ORDER further ordered, adjudged and decreed that

**JEFFERSON'S** indictment is dismissed from the criminal history of plaintiff. Other

convictions from cases in which FRANCO played a key role were also vacated and

dismissed on or about September 8,2023.

**20.** According to various newspaper and media accounts, some 324 criminal convictions

tied to the testimony of former NYPD officer FRANCO, accused of lying and framing

innocent people, have been thrown out. **SEE EXHIBIT B**: IMMEDIATE RELEASE,

September 7th,2023 by Bronx District Attorney's office.

**21.** The Bronx District Attorney's office began an exhaustive review of Bronx cases hinging

on FRANCO"S testimony and sworn statements and discovered that FRANCO committed

well over 300 acts of perjury when he worked as an undercover police officer in the Bronx

from  2011-2015.

22.The Bronx District Attorney's office vacated hundreds of convictions because the

convictions depended on the word of FRANCO who was now charged with perjury.

JEFFERSON"S prosecution was one such case of malicious lies, perjury and fabricated

evidence. **SEE EXHIBIT C: APPENDIX STATEMENT by BRONX DISTRICT**

**ATTORNEY'S OFFICE.**

23.The acts complained of herein, and the vacatur of 324 convictions are a direct and

proximate result of the failure of the City of New York and the NYPD properly to select,

train, supervise, promote and discipline police officers and supervisory officer, **SEE**

**EXHIBIT D: DA tossing more drug cases tied to NYPD.**

**24.** The failure of the City of New York and the NYPD properly to select, train, supervise,

promote and discipline police officers and supervisory officers constitutes gross and

deliberate indifference to unconstitutional conduct by those officers.

25. **SEE EXHIBIT E: LOCAL NEWS, DISTRICT ATTORNEY TOSSING MORE DRUG CASES TIED TO NYPD DETECTIVE ACCUSE OF FRAMING INNOCENT PEOPLE.**

26. The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated plaintiff's and the proposed Class' rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

## The Proposed Class is Ascertainable

27. Before considering Rule 23 factors, the Court must determine whether the proposed Class is adequately defined and ascertainable; the Eleventh Circuit recently held that "a proposed class is ascertainable if it is adequately defined such that its membership is capable of determination."

28. Class members can be identified by records kept in the Supreme and Criminal Court Clerk's office where the proposed class members were arrested. After being provided the opportunity to review the documents and records that would be produced in discovery, proposed class members could be readily identified. Class actions thus give voice to those similarly situated plaintiffs who would have no realistic day in court if a class action were not available.

29. All those persons similarly situated arrested by then police officer/detective Joseph Franco, from 2011-2015, and whose cases have been discovered by the Bronx and Manhattan District Attorney's offices wherein former police officer FRANCO played a key role in the arrest and prosecution of those similarly situated. Perjury, denial of due process of law and arrest without probable cause are the common denominator to all these cases. Enclosed is **EXHIBIT E,** which

is a list of those similarly situated proposed class members, who have already been identified by

the Conviction Integrity Bureau of the Bronx District Attorney's office in a months-long

investigation into police corruption and misconduct by then police officer FRANCO:

30. The Plaintiffs also move to be appointed representatives of the Class, and for the appointment of

the Law Office of Rudy Velez to serve as counsel pursuant to Fed. R. Civ. P 23(g).

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this case action pursuant to Rules 23(a) and (b)(2) of the Federal Rules fo Civil

Procedure (Fed.R. Civ.P.) on behalf of the Class defined as people arrested by FRANCO, from

2011-2015 whose convictions have been set aside to be vacated and dismissed. Upon

information and belief, there are hundreds of members in the Class who have suffered from

FRANCO's conduct complained of herein during the Class period.

## A.NUMEROSITY

The numerosity requirement of Rule 23 requires a district court to determine "whether 'the

Class is so numerous that joinder of all members is impracticable." Generally, "a group of more

40 satisfies numerosity, a group of fewer than 21 does not, and the numbers in between are

subject to judgment based on additional factors. Plaintiff need not show the precise number of

members in a class. The proposed Class satisfies the numerosity requirements. To date, Plaintiff

has already identified close to 150 convictions that have been vacated and dismissed due to

FRANCO's key participation.

## B. COMMONALITY

Rule 23(a)(2) requires there be "questions of law or fact common to the Class" Fed R.

Civ.P.23(a)(2). Commonality requires the Plaintiff to demonstrate that the class members "have

suffered the same Injury."

The proposed Class satisfies the commonality requirement because there are both legal and

factual questions common to all members of the proposed Class. Common questions include

generally:

- Whether Defendant arrested proposed Class without probable cause;
- Whether Defendant committed perjury in the prosecution that led to the convictions;
- Whether the convictions were vacated and dismissed because the proposed Class members were denied Due Process of Law.

## TYPICALITY

Rule 23(a) requires that "the claims or defenses for the representative parties are typical of the claims

or defenses of the Class." Fed. R. Civ. P.(a)(3). "[T]he typicality requirement is permissive:

representative claims are 'typical' if they are reasonably co-extensive with those of absent Class

members; they need not be substantially identical.

Here, like all members of the proposed Class, Plaintiffs each all had their convictions vacated and

dismissed by Order of a Criminal Supreme Court judge.

## ADEQUACY OF REPRESENTATION

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the

interests of the Class." Fed. R. Civ. P.23(a)(4). The analysis "encompasses two separate inquires: (1)

whether any substantial conflicts of interest exist between the representatives and the Class; and (2)

whether the representatives will adequately prosecute the action." This prong also requires a

determination that Plaintiff's counsel is "qualified, experienced and generally able to conduct the

proposed litigation."

Plaintiff is an adequate representative of the proposed Class: he is mutually interested in establishing

the same police misconduct in connection with the claims alleged herein.

The named Plaintiff is represented by counsel from The Law Office of Rudy Velez, a law office with

a strong civil rights practice. The undersigned attorney has many years of experience in complex

litigation, both in state and federal courts. As such, Counsel is well qualified to represent all Class

members in this case.

## The Proposed Class Also Satisfies the Requirements of Rule 23(b)

32. Having established the requirements under Rule 23(a), Plaintiffs assert that the putative class also meets the requirements under Rule 23(b)(3). Specifically, they contend that the putative class satisfies the requirements regarding predominance of common issues and superiority of the class action to other means of litigation Fed. R. Civ. P. 23(b)(3).

## CAUSES OF ACTION

### COUNT ONE

**Against Defendants for Violations of 42 U.S.C. § 1981, 1983 Fourth and Fourteenth Amendments: Malicious Prosecution on Behalf of the Proposed Class Similarly Situated**

33. The plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

34. On or about 2011 through 2015, including May 23, 2014, the defendants initiated criminal proceedings against the plaintiff and all other similarly situated by misrepresenting and falsifying evidence in criminal court. P.O. FRANCO continued his lies by allowing the false information he provided either by himself or to his back-up police officers to be written on Felony Complaints and or told in the grand jury in order to secure indictments. P.O. FRANCO was the primary witness in these cases and he played a key role in securing indictments against the plaintiff, and all others similarly situated.

Plaintiff states that then P.O FRANCO did not make a complete and full statement of facts. P.O. FRANCO misrepresented and falsified evidence that created a falsehood in signing the felony complaints and P.O. FRANCO's lies were material for a finding of probable cause. In commencing and continuing the prosecution of plaintiff, and all those similarly situated, defendants caused plaintiff, and all those similarly situated to be falsely charged with acts in violation of the Penal law of the State of New York.

35. Neither Plaintiff nor those similarly situated gave defendant CITY, its agents, servants or employees, including then P.O. FRANCO probable cause to believe that plaintiff, and all those similarly situated, had committed the falsely charged illegal acts.

36. The defendants acted with malice because then P.O. FRANCO did not arrest neither the Plaintiff nor those similarly situated with the desire to see the ends of justice served but rather with a false motive of planting and fabricating evidence.

37. As a result of the false evidence provided by defendants, Plaintiff, and all those similarly situated, and all those were forced under threat of issuance of a warrant to defend against false charges.

    Plaintiff, and all those similarly situated ultimately were deprived of their liberty by either being incarcerated, placed on probation, parole or supervision.

38. The conduct of the defendants was the direct and proximate cause of plaintiffs' loss of liberty starting from one day to four years, which violated plaintiffs' statutory rights guaranteed by the laws and Constitution of New York and the United States. On September 24, 2021, plaintiff, and those identified in **Exhibit E**, convictions were vacated and the indictments dismissed with prejudice pursuant to an ORDER of the Supreme Court, of the State of New York.

## COUNT TWO

### AGAINST DEFENDANTS FOR VIOLATIONS OF

### 42 U.S.C.§1981, 1983 AND THE FOURTEENTH AMENDMENT

### VIOLATIONS FOR FABRICATED EVIDENCE ON BEHALF OF THE

### PROPOSED CLASS SIMARLY SITUATED

39. Plaintiff on behalf of the proposed class, repeats and reiterates the allegations contained in paragraphs "1" through "39" of the complaint as if fully set forth herein.

40. That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification but based on fabricated-evidence. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. FRANCO, acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of **JEFFERSON** and the Proposed Class. Police Officer FRANCO fabricated information, to wit he lied about his observation of **JEFFERSON** participation in a sale of crack-cocaine. FRANCO also lied regarding his participation in the arrest and prosecution of those people listed in **EXHIBIT E**.

41. That the aforesaid arrest and imprisonment was made with fabricated evidence as sworn to in the criminal complaint. The information FRANCO gave to prosecutors formed the basis for **JEFFERSON'S** prosecution and the Proposed Class and they became aware that this fabricated evidence if believed would likely influence a jury's verdict and convict them.

42. The aforesaid fabrication of evidence caused **JEFFERSON** and the Proposed Class to suffer a deprivation of her liberty ranging from one week to four years incarceration.

43. By reason of the foregoing, the defendants became liable to **JEFFERSON** and the Proposed Class in a sum of money which exceeds the jurisdiction limits of all courts of lesser

## COUNT THREE

## AGAINST DEFENDEANTS FOR VIOLATIONS OF

## 42 U.S.C. ss 1983 and the FOURTEENTH AMENDMENT and

## VIOLATIONS for DENIAL of DUE PROCESS of LAW in violation of the

## NEW YORK and the UNITED STATES CONSTITUTIONS

44. Plaintiff on behalf of all those similarly situated repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effects as if more fully and at length set forth herein.

45. The plaintiff, and all those similarly situated were denied their right to a fair trial i.e., they were subjected to a deprivation of liberty without due process of law in violation New York and the United States Constitution pursuant to the due process clause of the Fourteenth Amendment by the individual defendants who created false information and provided that information to the District Attorney which was then used in the proposed Class' prosecution **SEE EXHIBIT F: ORDERS by Bronx Supreme Court Judge, Hon. Efrain Alvarado vacating and dismissing Shamar Jefferson, Bacilio Torres, Rosina Feliciano, and Aylye Restituyo indictments**.

46. The defendants (FRANCO), consciously lied in generating **JEFFERSON'S** felony complaint, and the rest of the Proposed Class.

47. Defendant's actions resulted in the plaintiff, and the Proposed Class being arrested, handcuffed, incarcerated, forced to appear in court, and endure the fear of being sentenced to jail.

48. By reason of the aforesaid, the plaintiff, and the Proposed Class have been damaged and they are entitled to compensatory damages in the sum to be determined by the Court.

## COUNT FOUR

## MUNICIPAL LIABILITY FOR

## CONSTITUTIONAL VIOLATIONS: MONELL CLAIM

**49.** Plaintiff, and proposed Class reallege and incorporate by reference the allegations set forth in paragraphs "1" through 49" of this class action complaint.

**50.** Prior to 2011the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of illegal and unconstitutional conduct, including fabricating evidence, malicious prosecutions, and the denial of due process of law. Specifically, defendants CITY knew or should have known that defendants P.O. FRANCO and other Bronx police officers had maliciously prosecuted and denied due process of law to numerous other people, resulting in tainted prosecutions.

**51.** Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of the plaintiff and the Proposed Class with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

**52.** As a result of the foregoing, plaintiff, and proposed Class sustained the damages and injuries previously described, and seek compensatory damages from the City of New York.

### THE COURT SHOULD APPIONT THE UNDERSIGNED AS CLASS COUNSEL

**53.** Rule 23(g)(1) provides that "unless a statue provides otherwise, a court that certifies a

class must appoint class counsel. "Rule 23(g)(1)(A) outline the factors relevant to the

appointment class counsel:

> (i)the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

54. All of these factors weigh in favor of appointing the undersigned as class counsel. Accordingly,

Plaintiffs request the Court appoint as class counsel the undersigned attorney.

## DAMAGES

55. As a direct and proximate result of the said acts of the defendant, SHAMAR JEFFERSON, and

all those similarly situated suffered the following injuries and damages:

a. Violations of this rights under the Fourth and Fourteenth Amendments to the

Constitutions;

b. Loss of physical liberty due to incarceration;

c. Further restriction on his liberty due to forced court appearance;

d. Humiliation, embarrassment, injury to reputation, physical abuse;

e. Extreme emotional distress;

f. Sever disruption of family.

56. Defendants, through the conduct of corrupt police officers, including FRANCO, violated the

civil rights of close to 300 people, whose convictions were vacated and dismissed.

57. Many people were denied due process of law, violative of the New York State and the United

States Constitutions.

58. The Class members deserve a meaningful opportunity to recover these unconstitutional

violations. Certifying the proposed Class will be the most efficient route to redress this wrong.

59. **JEFFERSON**, on behalf of all those similarly situated, requests the court:

1. Certify this case as a class action with the following class definitions: All persons who were prosecuted because of FRANCO's key participation and as a result had their criminal conviction vacated and dismissed;

2. Appoint Plaintiff **SHAMAR JEFFERSON** as Class representative;

3. Appoint as Class Counsel The Law Office of Rudy Velez;

4. Award compensatory damages in an amount to be determined by the court;

5. Award attorney's fees as fair and reasonable compensation for services rendered in connection with this action;

6. Grant further relief that may be just and proper.

Respectfully Submitted:

Rudy Velez/RV7160
930 Grand Concourse
Suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com

September 23, 2024

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, CRIMINAL TERM -- Part 17

THE PEOPLE OF THE STATE OF NEW YORK

                                                 **ORDER**

      -against-                          Ind.  **1999-2014**

**JEFFERSON, SHAMAR**
                       Defendant

**ALVARADO, J.**

      The motion of **Shamar Jefferson** to vacate judgment pursuant to C.P.L. 440.10(1)(h), having been received by this Court, and the petitioner having appeared through counsel, **Michael Alperstein, Esq.** on September 24 2021, and the Bronx County District Attorney's Office, having consented to the relief requested, and the Court having heard the argument of counsel, and due deliberation having been had thereon, it is

      1)  ORDERED, ADJUDGED AND DECREED that the conviction of said petitioner on 5 February 2015 for P.L. 220.31 (and related counts under this indictment, if any), is vacated pursuant to C.P.L. § 440.10(1)(h) because the defendant was denied due process of law, violative of the New York State and the United States Constitutions; it is further

      2)  ORDERED, ADJUDGED AND DECREED that the indictment is dismissed, and the conviction of said petitioner is expunged from the criminal history of said petitioner.

DATED:     Bronx, New York
              September 24 2021

                                                        Hon. Efrain Alvarado
                                                        A.J.S.C.

                                                        **HON. EFRAIN ALVARADO**

# EXHIBIT

# B



www.bronxda.nyc.gov
www.facebook.com/BronxDistrictAttorney
www.twitter.com/BronxDAClark

**DARCEL D. CLARK**
*DISTRICT ATTORNEY, BRONX COUNTY*

198 EAST 161ST STREET
BRONX, N.Y. 10451
(718) 590-2234

57-202
**For Immediate Release**
**September 7, 2023**

### FINAL 67 DRUG CASES CONNECTED TO EX-NYPD DETECTIVE DISMISSED
**Action Brings to 324 the Convictions Reliant on Joseph Franco That Have Been Dismissed After Review by Bronx DA's Conviction Integrity Bureau**

Bronx District Attorney Darcel D. Clark today announced that a Bronx judge has dismissed the last of 324 Bronx cases connected to former NYPD Detective Joseph Franco, whose termination from the force over making false statements about narcotics arrests spurred a long-term investigation by the Conviction Integrity Bureau.

District Attorney Clark said, "This is Justice with Integrity. After the detective was fired by the NYPD in April 2020, my Conviction Integrity Bureau did an exhaustive review of Bronx cases hinging on the former detective's testimony and sworn statements. Prosecutors had relied on evidence from someone with compromised credibility, and the District Attorney cannot stand behind these convictions."

Bronx Supreme Court Justice Margaret Martin on September 6, 2023 granted the motion by defense attorneys and joined by the Bronx District Attorney's Office to dismiss 67 cases against defendants who were charged between 2011 and 2015, when Franco was an undercover narcotics detective in the Bronx. Thirty-three of those convictions were for fourth-degree Criminal Facilitation, 24 were for seventh-degree Criminal Possession of a Controlled Substance, nine were for marijuana offenses that are no longer considered crimes, and one conviction was for second-degree Criminally Using Drug Paraphernalia.

Franco was indicted in New York County in 2019 on perjury and other charges. That case was dismissed.

The review of Franco's cases was conducted by Assistant District Attorney Risa Gerson, Chief of the Conviction Integrity Bureau, and Assistant District Attorney Jennifer Russell of the Conviction Integrity Bureau. District Attorney Clark thanked Trial Preparation Assistant Kayla Santiago of the Conviction Integrity Bureau for her assistance in the case.

1

# EXHIBIT C

APPENDIX

BRONX DISTRICT ATTORNEY'S STATEMENT JOINING DEFENSE MOTIONS TO
VACATE SUPREME COURT: CRIMINAL TERM

The People join the defense motions to vacate the convictions on the ground that the judgments
were obtained in violation of the defendants' constitutional right to due process of law pursuant
to C.P.L. §440.10(1)(h). Former NYPD Narcotics Detective Joseph Franco has been indicted in
New York County on multiple charges of perjury and official misconduct in connection with his
work as a narcotics detective in Manhattan in 2017 and 2018. More specifically, former
Detective Franco has been indicted on four counts of perjury for false statements that he made
during four separate Grand Jury proceedings. He is also charged with nine counts of offering a
false instrument for filing based on false information contained in police reports that he
submitted, and three counts of official misconduct for providing information that led to the
search and seizure of citizens where there was no probable cause for their seizure. These acts of
perjury, false filing, and misconduct, led to the wrongful convictions of three individuals.
Prosecutors at the Manhattan District Attorney's Office discovered Franco's wrongdoing when
they viewed surveillance video of the three locations where the purported crimes occurred. In all
three cases, Franco claimed that he had seen the defendants exchange drugs for money, but
surveillance video showed that the defendants were not visible on the video, and based on where
Franco was positioned, he could not have seen the transaction that he described and claimed,
under oath, to have seen. Although the criminal charges against Franco are currently pending,
Franco was terminated from NYPD in April 2020, after having been found guilty at a
departmental trial. The powerful and compelling evidence that Franco lied to a grand jury on
multiple occasions, falsified documents and evidence in the way that he did completely
undermines his credibility and reliability as a police witness in any prosecution involving a
similarly situated undercover or observation sale of illegal narcotics.

Former Detective Franco worked as an undercover narcotics detective in the Bronx from 2011-
2015. The Conviction Integrity Bureau at the Bronx District Attorney's Office has been
reviewing the narcotics-related convictions in which Franco played a role. These convictions are
generally based on charges relating to an alleged undercover hand-to-hand sale of narcotics, an
alleged observation sale of narcotics, or an alleged simple possession of narcotics for personal
use. The purported criminal conduct alleged by Franco in these matters occurred years before the
episodes in Manhattan where Franco committed perjury. Accordingly, Franco's misconduct and
the crimes he committed could not have been known or discovered by the People or the
defendants at the time that they were prosecuted. Nevertheless, because Franco's credibility is
now so completely compromised, we are recommending that the court vacate the narcotics-
related convictions in the cases we have identified where the prosecution materially relied on
sworn testimony or evidence supplied by Franco. These are cases where Franco, acting in his
capacity as an undercover officer, alleged either that he observed a narcotics transaction, or that
he acted as an undercover and exchanged pre-recorded buy money for drugs. In many of these
cases, there was little or no independent evidence—separate and apart from evidence that
depended on Franco's credibility— to corroborate Franco's account. The surrounding
circumstances of these cases are similar in kind and nature to the Manhattan cases in which
Franco committed perjury. Furthermore, in each of the cases we have identified, the evidence

supplied by Franco was critical and if the case were to proceed to trial today, the People would not be able to prove the defendant's guilt without calling Franco as a witness and relying upon his credibility. Franco's perjurious conduct in Manhattan under similar circumstances—while acting as a narcotics detective observing street sales—has caused us to lose confidence in his credibility in these cases and, therefore, in the reliability of the convictions. The fundamental lack of credibility in the evidence provided by a necessary government actor suggests a lack due process. Under these rare circumstances, we join the defense motions to vacate the convictions. Furthermore, taking into account the burden of proof at trial, the punishment the defendants have already served, the impact of a dismissal on the public's confidence in the criminal justice system and the welfare of the community, the People believe that the interests of the community are best served by not pursuing a further prosecution of these matters. Accordingly, in an exercise of our discretion, we move to dismiss the charges.

# EXHIBIT

# D

9/7/2021

DAs tossing more drug cases tied to NYPD detective accused of framing innocent people | PIX11

76°

**LOCAL NEWS**

# DAs tossing more drug cases tied to NYPD detective accused of framing innocent people



FILE – In this April 24, 2019, file photo, former New York City Police Department Detective Joseph Franco, center, leaves a Manhattan Supreme Court courtroom, in New York. Manhattan District Attorney Cyrus Vance Jr.'s office said Thursday, April 15, 2021, that in the coming weeks, it will move to vacate and dismiss about 100 cases in which ex-Detective Franco served as a key witness. (Alec Tabak via AP, File)

by: Aliza Chasan, Associated Press

Posted: Apr 15, 2021 / 01:32 PM EDT / Updated: Apr 15, 2021 / 01:32 PM EDT

NEW YORK — New York City prosecutors will seek to overturn scores of additional drug convictions involving an indicted former NYPD detective accused of framing innocent people in some cases.

Manhattan District Attorney Cyrus Vance Jr.'s office said Thursday that it will move in the coming weeks to vacate and dismiss about 100 cases in which Joseph Franco served as an essential witness.

P000118

twenty-two additional NYPD officers whose misconduct, they assert, merits the dismissal of all convictions in which they played an essential role.

The twenty-two have all been convicted for lying, corruption, and other forms of misconduct and nearly all have since left the force. But many of the arrests they helped make, which led to the convictions of hundreds of New York City residents, remain on the books.

"Detective Franco's actions are simply unconscionable, but he is by no means the only corrupt NYPD officer who has engaged in such egregious behavior for personal gain at the expense of our clients," said Elizabeth Felber, a signatory to the letter and a wrongful convictions attorney with The Legal Aid Society. "Our local DAs are well aware of these 22 officers and their misconduct. Prosecutors have a legal and moral obligation to right these injustices."

Representatives for all five borough DAs and the Special Narcotics Prosecutor confirmed they are reviewing the letter, but did not comment on how they plan to respond.

Many of the officers named in the letter were convicted for crimes of dishonesty, such as perjury or planting drugs.

One detective in the letter was convicted (https://www.nytimes.com/2018/04/04/nyregion/detective-convicted-of-perjury-receives-no-jail-time.html) of lying about seeing a man selling crack cocaine on a street in Jamaica, Queens. Another pleaded guilty (https://www.manhattanda.org/da-vance-nypd-officer-convicted-of-perjury-official-misconduct-related-to-unlawful-2014-arrest/) after prosecutors determined she had made repeated false statements to secure a gun possession case in Washington Heights.

P000086

In past years, prosecutors would sometimes treat such incidents of dishonesty as one-offs, but that approach is no longer tenable in the era of criminal justice reform, argues Karen Newirth, another signatory and an attorney with The Exoneration Project.

"We're asking for this action now because, frankly, the District Attorneys have shown us that they recognize and see the world in a way that we see it," she said. "People shouldn't be walking around with critical criminal convictions resulting from the actions of officers in whom no one, no reasonable person could have any confidence."

The coalition flagged other officers in its letter for crimes of corruption or abusing the power of the badge.

One police officer in Manhattan was convicted (https://www.nbcnewyork.com/news/local/nypd-officer-sentenced-for-transporting-cocaine-in-exchange-for-money/1719675/) of helping transport a kilo of cocaine for an NYPD undercover posing as a drug dealer. Two others in Brooklyn received probation sentences (https://gothamist.com/news/former-nypd-cops-admit-having-sex-teen-their-custody-get-5-years-probation) for bribery and official misconduct after they admitted to taking turns having sex with an 18-year-old woman, suspected of drug possession (https://abcnews.go.com/US/nypd-officers-accused-sexually-assaulting-handcuffed-woman-quit/story?id=50986523), in exchage for her release. The woman said (https://www.buzzfeednews.com/article/claudiakoerner/anna-chambers-nypd-rape-charges-officers-dropped) she was raped.

Joseph Giacalone, a retired NYPD sergeant and an adjunct professor at John Jay, notes that mass conviction purges may be appealing to prosecutors because they do not require labor-intensive case by case reviews. But, he cautions, not all of the cases tied to officers named in the letter should be summarily wiped.

P000087



⇢ The NY State Criminal Court building in lower Manhattan   John Nacion/NurPhoto/Shutterstock

Last month, Brooklyn District Attorney Eric Gonzalez and Manhattan District Attorney Cyrus Vance announced (https://gothamist.com/news/brooklyn-da-will-purge-90-convictions-involving-indicted-detective-100-more-expected-manhattan) they were moving to dismiss nearly two hundred convictions involving Joseph Franco, a veteran narcotics detective who was indicted for lying under oath in 2019. Now, a coalition of eleven wrongful conviction and public defender organizations are challenging the validity of hundreds of other convictions going back decades.

In a letter (PDF (https://legalaidnyc.org/wp-content/uploads/2021/05/Letter-5.3.21-FINAL-UPDATED.pdf)) sent to all five borough District Attorneys and New York City's Special Narcotics Prosecutors on Friday, the coalition identified

P000085

Case 1:24-cv-07212-ALC Document 11 Filed 09/24/24 Page 28 of 35

9/3/2021                22 NYPD Officers Were Convicted Of Dishonesty, Corruption, And Other Misconduct. Should Convictions They Helped Secure Stand? - Gothamist

can live free lives."

In the meantime, the fallout from the 2019 perjury indictment against narcotics detective Joseph Franco has continued.

On Monday, Bridget G. Brennan, New York City's Special Narcotics Prosecutor, announced that her office is following the Brooklyn and Manhattan DAs and seeking the dismissal of 24 more convictions in which Franco played an essential role.

**NYC news never sleeps. Get the Gothamist Daily newsletter and don't miss a moment.**

your@email. com

By submitting your information, you're agreeing to receive communications from New York Public Radio in accordance with our Terms (https://www.wnyc.org/terms/).

#POLICE MISCONDUCT [/TAGS/POLICE-MISCONDUCT]   #NYPD [/TAGS/NYPD]

#MISCONDUCT [/TAGS/MISCONDUCT]   #CORRUPTION [/TAGS/CORRUPTION]

#CONVICTION [/TAGS/CONVICTION]

**Do you know the scoop?** Comment (/news/22-nypd-officers-convicted-dishonesty-corruption-misconduct-convictions#comments) below or Send us a Tip (mailto:tips@gothamist.com)

# EXHIBIT
# E

# SUPREME COURT OF THE STATE OF NEW YORK
## BRONX COUNTY, CRIMINAL TERM: PART 17

---------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

                                   Respondent,      :     **Indictments**

          -against-                   :

ADAM CONCEPCION, CICERO WILLIAMS, BRAULIO JIMENEZ, DARREN MCBRIDE, RASUL SINGLETON, JULIO SUAREZ, BACILIO TORRES, LUIS DURANT, JOSE MATIAS, MARIA ACOSTA, RENE VALENCIA, ANIKIA PARRILLA, CHRISTOPHER BROWN, DAVID CARTER, CARLOS LOPEZ, ROSINA FELICIANO, EDWIN FIGUEROA, FLETCHER DAVIS, ORLANDO ALVAREZ, RICARDO REYES, CARLOS RODRIGUEZ, ANGEL SANCHEZ, SHAMAR JEFFERSON, SHENEL GREEN, RENE VALENCIA, JOSE SOTELLO, GEORGE DENNIS, ALEXIS SANCHEZ, OLMEDO ALVARADO, RAMON HERNANDEZ, CHRISTOPHE PEREZ, RAMON TORRES, JONATHAN FLORES, ROBERT WESTIN, LUIS BAEZ, CISCO CORIL, SILVIO VARGAS, MANUEL SANCHEZ, JOSE GALEANO-VELASQUEZ.

```
2519/2012, 3957/2013,
1705/2012, 3085/2015,
1219/2015, 399/2013,
566/2013, 784/2013,
905/2013, 1537/2013,
3631/2013, 1595/2013,
1717/2012, 1988/2012,
2394/2012, 2440/2012,
2499/2012, 631/2013,
1265/2013, 1265/2013,
1682/2011, 3291/2011,
1999/2014, 3729/2012,
1732/2013, 561/2015,
561/2015, 2533/2013,
35/2014, 340/2014,
1895/2013, 2047/2011,
3610/2011, 2452/2013,
1682/2011, 3364/2011,
921/2015, 92/2015,
2607/2012.
```

                               Defendants-Movants.        :

---------------------------------------------------------------x

## MOTION TO DISMISS

---------------------------------------------

---------------------------------------------

*Attorney for Defendants,*

**MICHAEL ALPERSTEIN**
**The Assigned Counsel Plan**
**253 Broadway, 8th Floor**
**New York, New York 10007**
**(212) 566-1096**

---------------------------------------------

---------------------------------------------

__To

Attorney(s) for

---------------------------------------------

__Service of a copy of the within
                 is hereby admitted.

Dated,

---------------------------------------

# EXHIBIT
# F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, CRIMINAL TERM -- Part 17

THE PEOPLE OF THE STATE OF NEW YORK

                                         ORDER

-against-                                                    Ind.  **1999-2014**

**JEFFERSON, SHAMAR**

                    Defendant

**ALVARADO, J.**

    The motion of **Shamar Jefferson** to vacate judgment pursuant to C.P.L. 440.10(1)(h), having been received by this Court, and the petitioner having appeared through counsel, **Michael Alperstein, Esq.** on September 24 2021, and the Bronx County District Attorney's Office, having consented to the relief requested, and the Court having heard the argument of counsel, and due deliberation having been had thereon, it is

    1) ORDERED, ADJUDGED AND DECREED that the conviction of said petitioner on 5 February 2015 for P.L. 220.31 (and related counts under this indictment, if any), is vacated pursuant to C.P.L. § 440.10(1)(h) because the defendant was denied due process of law, violative of the New York State and the United States Constitutions; it is further

    2) ORDERED, ADJUDGED AND DECREED that the indictment is dismissed, and the conviction of said petitioner is expunged from the criminal history of said petitioner.

DATED:     Bronx, New York
             September 24 2021

                                     Hon. Efrain Alvarado
                                     A.J.S.C.

                                **HON. EFRAIN ALVARADO**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, CRIMINAL TERM -- Part 17

THE PEOPLE OF THE STATE OF NEW YORK

                                  ORDER

      -against-                       Ind.   **0556-2013**

**TORRES, BACILIO**
                         Defendant

**ALVARADO, J.**

      The motion of **Bacilio Torrres** to vacate judgment pursuant to C.P.L. 40.10(1)(h), having been received by this Court, and the petitioner having appeared through counsel, **Michael Alperstein, Esq.** on September 24, 2021, and the Bronx County District Attorney's Office, having consented to the relief requested, and the Court having heard the argument of counsel, and due deliberation having been had thereon, it is

    1)  ORDERED, ADJUDGED AND DECREED that the conviction of said petitioner on 7 May 2014 for P.L. 220.03 (and related counts under this indictment, if any), is vacated pursuant to C.P.L. § 440.10(1)(h) because the defendant was denied due process of law, violative of the New York State and the United States Constitutions; it is further

    2)  ORDERED, ADJUDGED AND DECREED that the indictment is dismissed, and the conviction of said petitioner is expunged from the criminal history of said petitioner.

DATED:     Bronx, New York
           September 24, 2021

                                          Hon. Efrain Alvarado
                                        A.J.S.C.



HON. EFRAIN ALVARADO

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, CRIMINAL TERM -- Part 17

THE PEOPLE OF THE STATE OF NEW YORK

                                                      ORDER 2440-2012

          -against-                                   Ind.  2240-2012

**FELICIANO, ROSINA**
                         Defendant

**ALVARADO, J.**

     The motion of **Rosina Feliciano** to vacate judgment pursuant to C.P.L. 440.10(1)(h),
having been received by this Court, and the petitioner having appeared through counsel, **Michael
Alperstein, Esq.** on September 24 2021, and the Bronx County District Attorney's Office, having
consented to the relief requested, and the Court having heard the argument of counsel, and due
deliberation having been had thereon, it is

     1)  ORDERED, ADJUDGED AND DECREED that the conviction of said petitioner on
     7 November 2013  for P.L. 220.31 (and related counts under this indictment, if any), is
     vacated pursuant to C.P.L. § 440.10(1)(h) because the defendant was denied due process
     of law, violative of the New York State and the United States Constitutions; it is further

     2)  ORDERED, ADJUDGED AND DECREED that the indictment is dismissed, and the
     conviction of said petitioner is expunged from the criminal history of said petitioner.

DATED:      Bronx, New York
            September 24 2021


                                        _____

                                        Hon. Efrain Alvarado
                                        A.J.S.C.
                                        HON. EFRAIN ALVARADO

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, CRIMINAL TERM -- Part 17

THE PEOPLE OF THE STATE OF NEW YORK

                                                       ORDER

      -against-                                  Ind.   **1219-2015**

**RESTITUYO, AYLYN**
                         Defendant

ALVARADO, J.

    The motion of **Aylyn Restituyo**  to vacate judgment pursuant to C.P.L. 440.10(1)(h),
having been received by this Court, and the petitioner having appeared through counsel, **Justine
Luongo, Esq.** on September 24, 2021, and the Bronx County District Attorney's Office, having
consented to the relief requested, and the Court having heard the argument of counsel, and due
deliberation having been had thereon, it is

    1)  ORDERED, ADJUDGED AND DECREED that the conviction of said petitioner on

    4 April  2018 for P.L. 220.39(1) (and related counts under this indictment, if any), is

    vacated pursuant to C.P.L. § 440.10(1)(h) because the defendant was denied due process

    of law, violative of the New York State and the United States Constitutions; it is further

    2)  ORDERED, ADJUDGED AND DECREED that the indictment is dismissed, and the

    conviction of said petitioner is expunged from the criminal history of said petitioner.

DATED:      Bronx, New York
              September 24, 2021

                                       Hon. Efrain Alvarado
                                        A.J.S.C.

                                        HON. EFRAIN ALVARADO